UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JEREMY BROWN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:04-CR-137-PLR-CCS-1 |
| | ) | | 3:13-CV-12-PLR |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 31]. During pendency of the petition, Petitioner filed what the Court interprets to be three requests for leave to amend previous filings [Docs. 43, 44, 49]. During that same period, the government filed two responses, one addressing the issue of equitable tolling and another addressing Petitioner's third request for leave to amend [Docs. 36, 51]. Petitioner filed what the Court interprets as a reply to the first of these responses [Doc. 41]. Also before the Court are Petitioner's unresolved requests for an extension of time to reply to the government's responses [Docs. 40, 52]. For the reasons below, Petitioner's motions to amend [Doc. 43, 44, 49] will be **GRANTED** and amended petition [Docs. 31, 49] will be **DENIED** and **DISMISSED WITH PREJUDICE.** Petitioner's first request for an extension [Doc. 40] will be **GRANTED nunc pro tunc**; his second request for an extension [Docs. 52] will be **DENIED**.

I.  BACKGROUND

On June 21, 2002, Petitioner burglarized his aunt's residence and stole several firearms, which, over the next few days, Petitioner used to commit three armed robberies [Doc. 16]. He subsequently pled guilty to one count of possessing a stolen firearm, in violation of 18 U.S.C. §

922(j); two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and one count of using, carrying, and brandishing a firearm during one of those Hobbs Act robberies, in violation of 18 U.S.C. § 924(c) [Doc. 15]. On July 22, 2005, Petitioner was sentenced to 209 months' imprisonment [Doc. 18]. No direct appeal was taken.

Over seven years later—on January 7, 2013—Petitioner filed a § 2255 motion in which he alleged numerous grounds of ineffective assistance of counsel and prosecutorial misconduct [Doc. 31]. In an Order entered on January 10, 2013, this Court instructed Petitioner to "show cause" why the action should not be dismissed for failure to comply with the one-year statute of limitations governing actions under § 2255 [Doc. 33]. Both Petitioner and the government submitted briefs addressing the issue [Docs. 34, 36]. Shortly thereafter, the Court received what it interprets as both a reply to the government's brief and request by Petitioner to amend his own brief to expound upon his arguments in favor of equitable tolling [Docs. 43, 44].

On May 20, 2016, Petitioner submitted what the Court interprets as a third motion for leave to amend [Doc. 49]. Specifically, Petitioner seeks to supplement the petition with an additional ground of collateral attack based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), residual clause for unconstitutional vagueness [*Id.* (suggesting the same reasoning extends to the residual provision in § 924(c) and, as a result, precludes ongoing categorization of his Hobbs Act robberies as crimes of violence capable of supporting the conviction)].

II.  **TIMELINESS OF PETITION AND AMENDMENT**

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action

2

in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of his petition [Doc. 31] and later amendment to that petition [Doc. 49] thus depend on whether those documents were submitted in compliance with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became

3

final on August 5, 2005, fourteen days after the Court entered judgment on July 22, 2005. *See Sanchez Castellano v. United* States, 358 F.3d 424, 428 (6th Cir. 2004) (explaining unappealed judgments of conviction becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). The window for requesting timely relief under subsection (f)(1) began to run on that date, expiring on August 5, 2006.

### A. Timeliness of January 7, 2013 Petition

The original petition articulates six grounds for relief: (1) ineffective assistance for failure to challenge categorization of the Hobbs Act robberies as crimes of violence sufficient to support a conviction under § 924(c); (2) ineffective assistance for failure to challenge federal charges on ground that Petitioner received "immunity" from further prosecution as condition of state-level plea agreement; (3) ineffective assistance for failure to challenge sentence "enhancement" based on "dismissed" state conviction; (4) ineffective assistance for failure to advise Petitioner that his sentence could be enhanced based on matters not stipulated in the plea agreement; (5) prosecutorial misconduct based on levying a federal indictment despite provision for immunity from subsequent prosecution in state-based plea agreement; and (6) prosecutorial misconduct based on the use of "juvenile convictions" to "enhance" Petitioner's sentence [Doc. 31].

Petitioner's failure to file the petition until January 7, 2013—nearly six and a half years after expiration of subsection (f)(1)'s one-year window on August 5, 2006—leads the Court to conclude that the motion should be deemed untimely under subsection (f)(1). To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for relief based on a newly-recognized right made retroactively applicable on collateral review, the Court

4

finds that no such right has been asserted in the original petition. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a right newly recognized, and made retroactive, by the Supreme Court).

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

In his response to this Court's "show cause" Order, Petitioner provides two arguments in favor of equitable tolling of subsection (f)(1)'s one-year filing window [Doc. 34]. First, he argues that he was under the impression that counsel was in the process of filing a direct appeal, that he was unable to file a collateral challenge during that period, and did not discover that no such appeal had been filed until "three years" after imposition of judgment [*Id.*]. Second, and without elaboration, Petitioner argues that he lacked access to the unidentified legal materials necessary to the submission of a collateral challenge from March 18, 2009 to March 23, 2012 [*Id.*]. Petitioner supports both arguments with numerous exhibits, including: (1) a letter to trial counsel requesting assistance in drafting a collateral challenge to Petitioner's federal sentence, dated May 19, 2010 [Doc. 34-1]; (2) an unsworn declaration in which Petitioner reiterates claims made in his response to the "show cause" Order [Doc. 34-2]; (3) a prison memorandum noting that Petitioner had raised concerns about his inability to access the "Electronic Legal Law

5

Library," dated March 28, 2012 [Doc. 34-2 (noting that the library was "broken and therefore inaccessible from March 18, 2009 [through] March 23, 2012")]; and (4) a prison memorandum noting Petitioner requested, but officers were unable to find, the storage box containing Petitioner's legal materials, dated July 26, 2011 [Doc. 34-4]. Petitioner's first two motions to amend expound upon these two arguments in favor of equitable tolling. Both requests [Docs. 43, 44] will be **GRANTED**; the supplemental arguments contained therein will be considered so far as the impact Petitioner's request for equitable tolling.

Upon review, the Court finds that Petitioner has failed to present a compelling case in favor of equitable tolling. Assuming the mistaken belief that trial counsel was in the process of filing a direct appeal tolled the statute of limitations until Petitioner realized that no such appeal would be forthcoming—August of 2008, i.e., "three years" after imposition of judgment, the Court finds that Petitioner has failed to provide any evidence that he "diligently pursued his rights" during the one-and-a-half-year period between that date and May 19, 2010—the date on which he first sought help with filing a collateral challenge [Docs. 34, 43, 44; Doc. 34-1 (evidencing attempt to file collateral challenge as early as May 19, 2010); Doc. 34-2; Doc. 34-4 (evidencing search for legal materials as early as July 26, 2011)].[1] Because Petitioner has failed

---

[1] To the extent that Petitioner argues counsel's failure to file a direct appeal "excuses procedural default" [Docs. 34, 43, 44], the argument is misplaced. While it is true that ineffective assistance of appellate counsel has long been recognized as a viable ground for excusing a petitioner's failure to raise issues on direct appeal—procedural default, *see Sullivan v. United States*, 587 F. App'x 935, 942–45 (6th Cir. 2014) (explaining that ineffective assistance of counsel during the appeal process can serve as a basis for excusing procedural default), that concept is wholly distinct from the matter at issue in the instant case—whether Petitioner has demonstrated a viable basis for tolling the statute of limitations contained in § 2255(f)(1), *see, e.g.*, *United States v. Walden*, 635 F.3d 961, 967 (6th Cir. 2010) (explaining ineffective assistance claims are properly raised for the first time in a collateral proceeding). In the latter scenario, Petitioner must demonstrate that two factors—diligent pursuit of his rights and

6

to demonstrate that he was diligently pursuing his rights for the one-and-a-half-year period between August 2008 and May 2010—a period well in excess of the one-year limitations window for filing a collateral challenge—and thus has failed to satisfy the first prong of the equitable tolling inquiry, the Court need not reach the second prong, i.e., determine whether exceptional circumstances simultaneously justified failure to file the petition. The request for equitable tolling must be denied. *See, e.g.*, *Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted).

      **B.**      **Timeliness of May 20, 2016 Amendment**

Petitioner's most recent amendment, filed on May 20, 2016, identifies an entirely novel ground for collateral relief based on *Johnson v. United States* [Doc. 49]. Petitioner relies on § subsection (f)(3) to show that his request for *Johnson*-based collateral relief was filed prior to expiration of the statute of limitations [*Id.*]. Unlike the grounds from the original petition, however, Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, Petitioner's proposed amendment falls safely within the one-year

---

exceptional circumstances justifying his failure to submit a timely petition—existed simultaneously during the period sought to be tolled.

window for making a timely request for collateral relief. As such, the motion [Doc. 49] will be **GRANTED** so far as it seeks to amend the petition to include a timely ground based on *Johnson*.

IV.     **STANDARD OF REVIEW**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

V.      **ANALYSIS**

In his sole timely ground, Petitioner appears to argue that *Johnson* invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby removing Hobbs Act robbery from the list of "crimes of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 49 (arguing that he is entitled to vacatur of his § 924(c) conviction)]. The argument fails.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the

8

residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, Petitioner's Hobbs Act robbery convictions remain crimes of violence capable of supporting a conviction under § 924(c)(1)(A).

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction for Hobbs Act robbery would remain a crime of violence under the provision because the offense qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction for Hobbs Act robbery, which by definition involves the taking of property "by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b)(1), categorically falls within the scope of that provision. *See, e.g.*, *In re Fleur*, No. 16-12299, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (finding, post-*Johnson*, that Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (same); *accord United States v. House*, No. 14-3011, 2016 WL 3144735, at *3 (8th Cir. June 2016) (finding that Hobbs Act robbery categorically qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii)'s use-of-physical-force clause); *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within the Section 4B1.2(a)'s use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in

9

fear," categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause). In light of the foregoing, *Johnson* cannot operate as grounds for vacating the § 924(c) conviction.

## VI. REMAINING NON-DISPOSITIVE MOTIONS

In addition to the petition and requests for leave to amend, the Court is in possession of Petitioner's two unresolved requests for extensions of time to file replies to the government's responses [Docs. 40, 52]. With regard to the first, the Court construes portions of Petitioner's second request for leave to amend as a reply to the government's response in opposition to equitable tolling [Docs. 36, 44]. As such, the request for an extension of time to file that reply [Doc. 40] will be **GRANTED nunc pro tunc** to the date of filing. The arguments contained therein will be considered by the Court to the extent that they directly reply to the points and authorities in the government's brief on the issue. With regard to the second, the Court notes that Petitioner filed the request on July 28, 2016, and that nearly two months have passed without submission of a supplemental filing. Because additional briefing would be of little assistance in resolution of the claims, the most-recent request for an extension [Doc. 52] will be **DENIED**.

## VII. CONCLUSION

For the reasons discussed, Petitioner's motions to amend [Doc. 43, 44, 49] will be **GRANTED** and amended petition [Docs. 31, 49] **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's first request for an extension [Doc. 40] will be **GRANTED nunc pro tunc**; his second request for an extension [Docs. 52] will be **DENIED**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability

10

**SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**