UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:04-CR-137-KAC-DCP |
| ) | |
| ) | |
| JEREMY BROWN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is before the Court on Defendant Jeremy Brown's pro se Motion for home confinement and Letter [Docs. 67, 68]. Defendant requests that the Court order the Bureau of Prisons ("BOP") to redesignate Defendant for placement at a "halfway house" under the "Second Chance Act" [*See* Doc. 67 at 1, 5]. On September 26, 2024, the United States responded in opposition [Doc. 70]. For the following reasons, the Court denies Defendant's Motion.

18 U.S.C. § 3621 charges BOP with "designating the place of the prisoner's imprisonment." BOP makes this designation after carefully considering (1) "the resources of the facility contemplated," (2) "the nature an circumstances of the offense," (3) "the history and characteristics of the prisoner," (4) "any statement by the court that imposed the sentence— (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correction facility as appropriate," and (5) "any pertinent policy statement issued by the Sentencing Commission pursuant to section 944(a)(2) of title 28." 18 U.S.C. § 3621(b). Further, the Second Chance Act, 18 U.S.C. § 3624, authorizes home confinement or placement in a "residential reentry center" (or halfway house) as BOP

"deem[s] appropriate," and provides that decisions concerning prisoner designation and assignment are "reserved to" BOP. *See United States v. Bravata*, No. 22-1897, 2023 WL 6146991, at *2 (6th Cir. Sept. 20, 2023).

At bottom, Congress vested BOP, not the Court, with authority regarding an inmate's designation. *See Bravata*, 2023 WL 6146991, at *2 ("A sentencing Court has no authority to order a prisoner's imprisonment in a particular place."). "And the BOP's 'designation of a place of imprisonment'" "'is not reviewable by any court.'" *Id.* (quoting 18 U.S.C. § 3621(b)). The Court therefore lacks authority to review Defendant's specific designation or order the BOP to place Defendant in a particular facility in this situation under the law raised. Accordingly, the Court **DENIES** Defendant's pro se Motion for home confinement and Letter [Docs. 67, 68].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge